McKihkey, J.,
delivered the opinion of the Court.
The plaintiff in error, as guardian of Susan Clarke, a minor, was sued before a justice, upon a store account, for about $17,00, for goods furnished to his ward, by the defendant in error. And, on appeal to the Circuit Court, judgment was' Tendered against said guardian for the amount of said account.
From the proof, it appears that the goods, — which were certain articles of dress — were sold and delivered to the minor herself, without the knowledge of, or any authority from, her guardian. Whether or not the goods sold to the minor wrere necessaries suitable to her condition, and what was her fortune or condition in life, are matters as to which there is no proof in the record. The proof shows that she was furnished Avith some goods by her guardian; and there is no evidence that he refused to provide reasonable necessaries for her. It also appears that the minor, Avithout the knoAvledge or consent of her guardian, had contracted several other store accounts.
Upon this proof the Judge instructed the jury, that the defendant, as guardian, was liable for necessaries furnished his Avard, provided the amount did not exceed the interest of the fund in his hands belonging to the AArard; and that he Avould he liable although he had not requested or authorized the plaintiff to furnish the goods to his ward, if they Avere necessaries.
*35 This instruction is entirely erroneous. All the authorities concur, that, if an infant lives with his parent, or guardian, and their care and protection are duly exercised, he cannot bind himself even for necessaries. 2 Kent’s Com. 239. . :
An infant is liable for necessaries suitable to his rank and condition, when he has no other means of obtaining them except by the pledge of his own personal credit.
But if he is under the care of a parent or guardian, who has the means and is willing to furnish him what is actually necessary, the infant can make no binding contract for any article whatever, without the consent of his legal protector and adviser. 2 Paige’s Ch. Rep. 419.
And where it is claimed that the goods furnished were necessaries, the evidence may be rebutted by proof that the infant lived under the parental roof, and was furnished with such real necessaries of life as, in the judgment of his parent, seemed proper. Addison; on Con. 83. It may also be shown that he was furnished in like manner by his guardian, or that a competent allowance was made to him for his support; or that he was supplied with necessaries from other sources. 2 Greenleaf’s Ev., see. 366, and authorities referred to in note.
Erom these principles it is clear that the contract, in the present case, was not binding on the infant— upon the facts in this record — neither did it impose any obligation whatever upon the guardian.
The judgment will be reversed.